**EXHIBIT A**

I.  **Agreed Constructions**

| Claim Term | Agreed Construction |
|---|---|
| **time-sequential oral administration** | Consecutive, chronological oral administration |

II.  **Disputed Terms**

| '940 Patent Claim Term | Plaintiffs' Proposed Construction and Intrinsic Evidence | Defendants' Proposed Construction and Intrinsic Evidence[1] |
|---|---|---|
| **between these two hormone components** | After the first hormone component and before the second hormone component | Immediately after a hormone component containing a combination of estrogen and progestin, and immediately before a hormone component containing estrogen only |
| | Intrinsic Evidence:<br><br>'940 patent Abstract; 1:9-1:31; 3:50-54; 7:14-31<br><br>Prosecution History: BHC-LOLO-00000076-80; BHC-LOLO-00000087-93 | Intrinsic Evidence:<br><br>**'940 Patent:**<br><br>Abstract<br>1:9-31<br>1:32-44<br>2:3-59<br>3:17-31<br>3:50-65<br>4:19-5:49<br>5:54-6:28<br>6:32-38 |

---

[1] Warner Chilcott first received notice of Bayer's new proposed constructions on Monday, April 14, only four days before this submission. Accordingly, Warner Chilcott reserves its right to object to the untimeliness of these new constructions, which should have been disclosed on April 4 under the scheduling order. Warner Chilcott further reserves the right to amend its cited intrinsic evidence and proposed claim constructions within a reasonable time, after it has had the chance to fully consider Bayer's new proposals.

| '940 Patent Claim Term | Plaintiffs' Proposed Construction and Intrinsic Evidence | Defendants' Proposed Construction and Intrinsic Evidence[1] |
|---|---|---|
| | | 6:40-44<br>6:51-62<br>7:10-40 (claim 1).<br><br>**File History of '940 Patent:**<br><br>July 20, 1998 Office Action (BHC-LOLO-00000074-80), *e.g.* at 2-4.<br><br>Jan. 20, 1999 Amendment (BHC-LOLO-00000087-93), *e.g.* at 2, 5 (including cites to Pasquale (U.S. 4,921,843) and Ehrlich (U.S. 5,280,023)); Pasquale patent (U.S. 4,921,843); Ehrlich patent (U.S. 5,280,023). |
| **effective estrogen content** | Daily dose of estrogen equivalent to no more than 40 mcg of ethinyl estradiol | Daily dose of estrogen, equivalent to at least 15 mcg EE in the combination tablets, and equivalent to at least 2 mcg EE in the estrogen-only tablets |
| | Intrinsic Evidence:<br><br>'940 patent 4:36-5:17; 6:62-7:8; 7:10-8:65<br><br>Prosecution History: BHC-LOLO-00000076-80; BHC-LOLO-00000087-93 | Intrinsic Evidence:<br><br>**'940 Patent:**<br><br>Abstract<br>1:21-31<br>2:55-3:17<br>3:31-45<br>3:50-62<br>4:36-5:13<br>5:23-24<br>5:31-49<br>6:9-40<br>7:10-40 (claim 1)<br>8:15-20 (claim 4)<br>8:38-59 (claim 9). |

| '940 Patent Claim Term | Plaintiffs' Proposed Construction and Intrinsic Evidence | Defendants' Proposed Construction and Intrinsic Evidence[1] |
|---|---|---|
| | | **File History of '940 Patent:**<br><br>July 20, 1998 Office Action (BHC-LOLO-00000074-80), *e.g.* at 2-4.<br><br>Jan. 20, 1999 Amendment (BHC-LOLO-00000087-93), *e.g.* at 2, 5 (including cites to Pasquale (U.S. 4,921,843) and Ehrlich (U.S. 5,280,023)); Pasquale patent (U.S. 4,921,843); Ehrlich patent (U.S. 5,280,023). |
| **high contraceptive reliability** | Bayer does not believe that the Court should construe this term in isolation as proposed. Bayer believes instead that the Court should construe this term in conjunction with the remaining identified terms as set forth in the last proposed construction.<br><br>If the Court construes the term as set forth here, Bayer proposes the following construction:<br><br>High contraceptive reliability as compared to a population of healthy women not using hormonal birth control | Regardless of whether the "whereby" phrase is construed all at once, as the multi-part claim term set forth in Bayer's last proposed construction below, or is instead construed separately, as several individual claim terms, the terms in this phrase set forth separate limitations.<br><br>As to this limitation, Warner Chilcott proposes that it be construed as follows:<br><br>Contraceptive efficacy, measured using the Pearl Index, greater than that of each and every prior art oral contraceptive regimen identified in the '940 patent's specification. |
| | Intrinsic Evidence:<br><br>'940 patent Abstract; 1:45-67; 3:40-49; 4:8-18; 6:15-19; 7:10-40<br><br>Prosecution History: BHC-LOLO-00000076-80; BHC-LOLO-00000087-93<br><br>U.S. Patent No. 4,921,843 ("Pasquale"): 1:10-15; 4:57-5:16; 6:15-7:45 | Intrinsic Evidence:<br><br>**'940 Patent:**<br><br>3:66-4:7<br>6:9-18<br>7:10-40 (claim 1).<br><br>**File History of '940 Patent:**<br><br>July 20, 1998 Office Action (BHC-LOLO-00000074- |

| '940 Patent Claim Term | Plaintiffs' Proposed Construction and Intrinsic Evidence | Defendants' Proposed Construction and Intrinsic Evidence[1] |
|---|---|---|
| | U.S. Patent No. 5,280,023 ("Ehrlich"): 1:48-65; 2:6-23; 3:36-39; 5:28-32; 5:63-6:29 | 80), *e.g.* at 2-4.<br><br>Jan. 20, 1999 Amendment (BHC-LOLO-00000087-93), *e.g.* at 2, 5 (including cites to Pasquale (U.S. 4,921,843) and Ehrlich (U.S. 5,280,023)); Pasquale patent (U.S. 4,921,843); Ehrlich patent (U.S. 5,280,023). |
| **low incidence of follicular development** | Bayer does not believe that the Court should construe this term in isolation as proposed. Bayer believes instead that the Court should construe this term in conjunction with the remaining identified terms as set forth in the last proposed construction.<br><br>If the Court construes the term as set forth here, Bayer proposes the following construction:<br><br>Low incidence of follicular development as compared to a population of healthy women not using hormonal birth control | Regardless of whether the "whereby" phrase is construed all at once, as the multi-part claim term set forth in Bayer's last proposed construction below, or is instead construed separately, as several individual claim terms, the terms in this phrase set forth separate limitations.<br><br>As to this limitation, Warner Chilcott proposes that it be construed as follows:<br><br>A lesser incidence of follicular development than the incidence of follicular development with each and every prior art oral contraceptive regimen identified in the '940 patent's specification |
| | Intrinsic Evidence:<br><br>'940 patent Abstract; 2:55-3:16; 3:18-49; 3:66-4:7; 4:19-28; 6:3-8; 6:9-21; 7:10-40<br><br>Prosecution History: BHC-LOLO-00000076-80; BHC-LOLO-00000087-93<br><br>U.S. Patent No. 4,921,843 ("Pasquale"): 1:10-15; 4:57-5:16; 6:15-7:45<br><br>U.S. Patent No. 5,280,023 ("Ehrlich"): 5:63-6:29 | Intrinsic Evidence:<br><br>**'940 Patent:**<br><br>2:55-3:49<br>3:66-4:27<br>6:9-22<br>7:10-40 (claim 1).<br><br>**File History of '940 Patent:**<br><br>July 20, 1998 Office Action (BHC-LOLO-00000074-80), *e.g.* at 2-4. |

| '940 Patent Claim Term | Plaintiffs' Proposed Construction and Intrinsic Evidence | Defendants' Proposed Construction and Intrinsic Evidence[1] |
|---|---|---|
| | | Jan. 20, 1999 Amendment (BHC-LOLO-00000087-93), *e.g.* at 2, 5 (including cites to Pasquale (U.S. 4,921,843) and Ehrlich (U.S. 5,280,023)); Pasquale patent (U.S. 4,921,843); Ehrlich patent (U.S. 5,280,023). |
| **satisfactory cycle control** | Bayer does not believe that the Court should construe this term in isolation as proposed. Bayer believes instead that the Court should construe this term in conjunction with the remaining identified terms as set forth in the last proposed construction.<br><br>If the Court construes the term as set forth here, Bayer proposes the following construction:<br><br>Satisfactory cycle control as compared to a population of healthy women not using hormonal birth control | Regardless of whether the "whereby" phrase is construed all at once, as the multi-part claim term set forth in Bayer's last proposed construction below, or is instead construed separately, as several individual claim terms, the terms in this phrase set forth separate limitations.<br><br>As to this limitation, Warner Chilcott proposes that it be construed as follows:<br><br>A lower incidence of intracyclic menstrual bleeding (*i.e.*, any bleeding occurring outside the hormone-free interval) than the incidence of such bleeding with each and every prior art oral contraceptive regimen identified in the '940 patent's specification |
| | Intrinsic Evidence:<br><br>'940 patent Abstract; 1:45-67; 2:55-3:39; 3:41-49; 4:28-35; 6:3-5; 3:33-39; 7:10-40; 8:31-38; 8:61-65<br><br>Prosecution History: BHC-LOLO-00000076-80; BHC-LOLO-00000087-93<br><br>U.S. Patent No. 4,921,843 ("Pasquale"): 1:10-15; 4:57-5:16; 6:15-7:45<br><br>U.S. Patent No. 5,280,023 ("Ehrlich"): 1:48-65; 2:6-23; 3:36-39; 5:63-6:29 | Intrinsic Evidence:<br><br>**'940 Patent:**<br><br>1:52-59<br>3:40-49<br>4:28-35<br>6:9-14<br>6:22-39<br>7:10-40 (claim 1).<br><br>**File History of '940 Patent:**<br><br>July 20, 1998 Office Action (BHC-LOLO-00000074- |

| '940 Patent Claim Term | Plaintiffs' Proposed Construction and Intrinsic Evidence | Defendants' Proposed Construction and Intrinsic Evidence[1] |
|---|---|---|
| | | 80), *e.g.* at 2-4.<br><br>Jan. 20, 1999 Amendment (BHC-LOLO-00000087-93), *e.g.* at 2, 5 (including cites to Pasquale (U.S. 4,921,843) and Ehrlich (U.S. 5,280,023)); Pasquale patent (U.S. 4,921,843); Ehrlich patent (U.S. 5,280,023). |
| **reliable avoidance of intracyclic menstrual bleeding** | Bayer does not believe that the Court should construe this term in isolation as proposed. Bayer believes instead that the Court should construe this term in conjunction with the remaining identified terms as set forth in the last proposed construction.<br><br>If the Court construes the term as set forth here, Bayer proposes the following construction:<br><br>Reliable avoidance of intracyclic menstrual bleeding as compared to a population of healthy women not using hormonal birth control | Regardless of whether the "whereby" phrase is construed all at once, as the multi-part claim term set forth in Bayer's last proposed construction below, or is instead construed separately, as several individual claim terms, the terms in this phrase set forth separate limitations.<br><br>As to this limitation, Warner Chilcott proposes that it be construed as follows:<br><br>A lower incidence of intracyclic menstrual bleeding (any bleeding occurring outside the hormone free interval) than with each and every prior art oral contraceptive regimen identified in the '940 patent's specification |
| | Intrinsic Evidence:<br><br>'940 patent Abstract; 1:45-59; 3:41-49; 4:29-35; 7:10-40; 8:31-38; 8:61-65<br><br>Prosecution History: BHC-LOLO-00000076-80; BHC-LOLO-00000087-93<br><br>U.S. Patent No. 4,921,843 ("Pasquale"): 1:66-2:19; 2:62-65; 4:57-5:16; 5:63-7:45<br><br>U.S. Patent No. 5,280,023 ("Ehrlich"): 3:36-39 | Intrinsic Evidence:<br><br>**'940 Patent:**<br><br>1:52-59<br>3:40-49<br>4:28-35<br>6:9-14<br>6:22-39<br>7:10-40 (claim 1).<br><br>**File History of '940 Patent:**<br><br>July 20, 1998 Office Action (BHC-LOLO-00000074- |

| '940 Patent Claim Term | Plaintiffs' Proposed Construction and Intrinsic Evidence | Defendants' Proposed Construction and Intrinsic Evidence[1] |
|---|---|---|
|  |  | 80), *e.g.* at 2-4.<br><br>Jan. 20, 1999 Amendment (BHC-LOLO-00000087-93), *e.g.* at 2, 5 (including cites to Pasquale (U.S. 4,921,843) and Ehrlich (U.S. 5,280,023)); Pasquale patent (U.S. 4,921,843); Ehrlich patent (U.S. 5,280,023). |
| **reliable avoidance of . . . undesirable side effects** | Bayer does not believe that the Court should construe this term in isolation as proposed. Bayer believes instead that the Court should construe this term in conjunction with the remaining identified terms as set forth in the last proposed construction.<br><br>If the Court construes the term as set forth here, Bayer proposes the following construction:<br><br>Reliable avoidance of undesirable side effects as compared to a population of healthy women not using hormonal birth control | Regardless of whether the "whereby" phrase is construed all at once, as the multi-part claim term set forth in Bayer's last proposed construction below, or is instead construed separately, as several individual claim terms, the terms in this phrase set forth separate limitations.<br><br>As to this limitation, Warner Chilcott proposes that it be construed as follows:<br><br>A lower incidence of each undesirable side effect than is caused by each and every prior art oral contraceptive regimen identified in the '940 patent's specification |
|  | Intrinsic Evidence:<br><br>'940 patent Abstract; 1:45-59; 3:41-49; 6:23-32; ; 7:10-40<br><br>Prosecution History: BHC-LOLO-00000076-80; BHC-LOLO-00000087-93<br><br>U.S. Patent No. 4,921,843 ("Pasquale"): 1:10-15; 4:57-5:16; 6:15-7:45<br><br>U.S. Patent No. 5,280,023 ("Ehrlich"): 1:48-65; 5:35-40; 5:63-6:29 | Intrinsic Evidence:<br><br>**'940 Patent:**<br><br>2:32-54<br>4:28-35<br>6:9-14<br>6:25-32<br>7:10-40 (claim 1).<br><br>**File History of '940 Patent:**<br><br>July 20, 1998 Office Action (BHC-LOLO-00000074-80), *e.g.* at 2-4. |

| '940 Patent Claim Term | Plaintiffs' Proposed Construction and Intrinsic Evidence | Defendants' Proposed Construction and Intrinsic Evidence[1] |
|---|---|---|
| | | Jan. 20, 1999 Amendment (BHC-LOLO-00000087-93), *e.g.* at 2, 5 (including cites to Pasquale (U.S. 4,921,843) and Ehrlich (U.S. 5,280,023)); Pasquale patent (U.S. 4,921,843); Ehrlich patent (U.S. 5,280,023). |
| [whereby the low effective estrogen content and low total hormone content provides]<br><br>**high contraceptive reliability, low incidence of follicular development, and satisfactory cycle control, with reliable avoidance of intracyclic menstrual bleeding and undesirable side-effects.** | High contraceptive reliability, low incidence of follicular development, and satisfactory cycle control, with reliable avoidance of intracyclic menstrual bleeding and undesirable side effects as compared to a population of healthy women not using hormonal birth control. | Bayer has proposed that this claim term be construed as a single phrase rather than as the individual claim terms it contains. Defendants do not agree that this phrase is a single claim term. Instead, the above constructions apply to each claim term within this phrase.<br><br>If the Court construes the phrase as a single term, as set forth by Bayer, Warner Chilcott proposes the following construction:<br><br>Greater contraceptive efficacy (measured using the Pearl Index), lower incidence of follicular development, a lower incidence of intracyclic menstrual bleeding (*i.e.*, any bleeding occurring outside the hormone-free interval), and a lower incidence of each undesirable side-effect, than observed for each and every prior art oral contraceptive regimen identified in the '940 patent's specification. |
| | Intrinsic Evidence:<br><br>'940 patent<br><br>High contraceptive reliability: Abstract; 1:45-59; 1:60-67; 3:40-49; 4:8-18; 6:15-19; 7:10-40<br><br>Follicular development: Abstract; 2:55-3:16; 3:18-49; 3:66-4:7; 4:19-28; 6:3-8; 6:9-21; 7:10-40<br><br>Satisfactory cycle control: Abstract; 1:45-59; 1:60-67; | Intrinsic Evidence:<br><br>Defendants provide constructions and supporting intrinsic evidence for each claim term contained in this phrase above. Defendants incorporate by reference those citations in support here.<br><br>In addition to those supporting cites, in specific support of Defendants' position that this claim term cannot be construed as a single claim term but instead sets forth several individual elements, Defendants will rely on the |

| '940 Patent Claim Term | Plaintiffs' Proposed Construction and Intrinsic Evidence | Defendants' Proposed Construction and Intrinsic Evidence[1] |
|---|---|---|
| | 2:55-3:39; 3:41-49; 4:28-35; 6:3-5; 3:33-39; 7:10-40; 8:31-38; 8:61-65<br><br>Intracyclic menstrual bleeding: Abstract; 1:45-59; 3:41-49; 4:29-35; 7:10-40; 8:31-38; 8:61-65<br><br>Side effects: Abstract; 1:45-59; 3:41-49; 6:23-32; ; 7:10-40<br><br>Prosecution History<br><br>BHC-LOLO-00000076-80;<br>BHC-LOLO-00000087-93<br><br>U.S. Patent No. 4,921,843 ("Pasquale")<br><br>High contraceptive reliability: 1:10-15; 4:57-5:16; 6:15-7:45<br><br>Follicular development: 1:10-15; 4:57-5:16; 6:15-7:45<br><br>Satisfactory cycle control: 1:10-15; 4:57-5:16; 6:15-7:45<br><br>Intracyclic menstrual bleeding: 1:66-2:19; 2:62-65; 4:57-5:16; 5:63-7:45<br><br>Side effects: 1:10-15; 4:57-5:16; 6:15-7:45<br><br>U.S. Patent No. 5,280,023 ("Ehrlich")<br><br>High contraceptive reliability: 1:48-65; 2:6-23; 3:36-39; 5:28-32; 5:63-6:29<br><br>Follicular development: 5:63-6:29 | following intrinsic evidence:<br><br>**'940 Patent:**<br><br>1:51-59<br>2:32-3:49<br>6:10-39<br>7:10-40 (claim 1). |

| '940 Patent Claim Term | Plaintiffs' Proposed Construction and Intrinsic Evidence | Defendants' Proposed Construction and Intrinsic Evidence[1] |
|---|---|---|
| | Satisfactory cycle control: 1:48-65; 2:6-23; 3:36-39; 5:63-6:29<br><br>Intracyclic menstrual bleeding: 3:36-39<br><br>Side effects: 1:48-65; 5:35-40; 5:63-6:29 | |